**Manpreet SINGH SRA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72387, A77–810–947.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Nov. 18, 2004.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, THOMPSON, and BERZON, Circuit Judges.

MEMORANDUM *

Manpreet Singh Sra petitions for review of the denial by the Board of Immigration Appeals ("BIA") of his motion to reopen because of ineffective assistance of counsel. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here.

Sra has demonstrated ineffective assistance of counsel. He complied with the *Lozada* requirements regarding his allegation that his previous attorney failed to file a brief on appeal to the BIA despite having been retained to do so. *Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir. 2003). Furthermore, "counsel's failure to file a brief with the BIA, which resulted in summary dismissal, creates a presumption that [Sra] was prejudiced because his counsel's mistake deprived him of a direct appeal to the BIA." *Id.* at 825. This presumption cannot be rebutted if Sra demonstrates "that the BIA could plausibly have determined that he was [eligible for relief] based on the record before it." *Singh v. Ashcroft,* 367 F.3d 1182, 1189 (9th Cir. 2004) (alteration in original). Here, Sra has demonstrated that he has plausible grounds for relief: He has been detained and severely beaten by government officials on multiple occasions because of his association with s Sikh separatist. Therefore, the BIA abused its discretion in denying his motion to reopen. *Id.* at 1190.

While *Singh,* 367 F.3d at 1182, and *Siong v. Ashcroft,* 376 F.3d 1030 (9th Cir. 2004), were decided after the BIA's denial

---

of Sra's motion to reopen on May 27, 2003, these cases announced no new rule, but followed our earlier ineffective assistance of counsel cases. *See, e.g., Dearinger ex rel. Volkova v. Reno,* 232 F.3d 1042, 1046 (9th Cir.2000). Therefore, there is no need to remand to the BIA for further consideration of the motion to reopen. Instead, we grant the petition and remand to the BIA with directions to reopen Sra's case, to allow him to file a new, full brief on the merits, and thereafter to decide his appeal on the merits.

PETITION GRANTED; MATTER REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.