Ricardo **CALLEROS–ALCALA,**
Petitioner,

v.

John **ASHCROFT, Attorney
General, Respondent.**

No. 03–72439.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**214**

Daniel P. Hanlon, Hanlon & Greene, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David Dauenheimer, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Ricardo Calleros–Alcala, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("Board") orders denying his motion to reopen to adjust status, his motion to reconsider the denial of that motion, and a supplemental motion to reopen or reconsider. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion. *Singh v. Ashcroft,* 367 F.3d 1182, 1185 (9th Cir.

** This disposition is not appropriate for publication and may not be cited to or by the

2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider the Board's denial of petitioner's original motion to reopen because petitioner failed to file a timely petition for review of that decision. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

■ The Board did not abuse its discretion in denying petitioner's motion to reconsider the denial of his original motion to reopen because petitioner failed to demonstrate that a visa was immediately available to him at the time he filed his motion to reopen. *See* 8 U.S.C. § 1255(i)(2)(B) (stating that the Attorney General may adjust an alien's status if an immigrant visa is immediately available when the alien files the adjustment application); 8 C.F.R. § 1003.2(b)(1) (articulating the standard for motions to reconsider).

■ The Board also did not abuse its discretion in construing petitioner's supplemental motion to reopen or reconsider as a second motion to reopen and denying that motion as numerically barred. *See* 8 U.S.C. § 1229a(c)(6)(a) (permitting only one motion to reopen or reconsider).

We have considered petitioner's remaining contentions, and conclude that they lack merit.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.