**Miguel Angel MOLINA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74187.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Suite "C", Vargas & Associates, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., DOJ—U.S. Department of Justice, Washington, DC, Saul E. Greenstein, U.S. Department of Justice, Washington, D.C., for Respondent.

Before: GOODWIN, TASHIMA, and FISHER, Circuit Judges.

### MEMORANDUM **

Miguel Angel Molina, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his motion to reopen, which alleges ineffective assistance of counsel. Reviewing for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), we grant the petition for review and remand for further proceedings.

We reject the government's contention that Molina failed to exhaust his equitable tolling claim. Molina's notice of appeal to the BIA challenged the IJ's determination that he failed to show ineffective assistance of counsel, which explicitly encompassed equitable tolling. The notice of appeal "was sufficient to put the BIA on notice that he was challenging the IJ's [equitable tolling] determination, and the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

agency had an opportunity to pass on this issue." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir.2004) (per curiam).

We conclude that the BIA abused its discretion in "find[ing] insufficient evidence that the respondent received ineffective assistance of counsel." Molina adequately complied with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), detailing the deceptive legal services provided to him. He was advised that "as soon as my wife's application for NACARA was approved, a petition would be filed on my behalf. In the meantime, another appeal would be filed to stop my deportation." Neither of these actions was taken, and Molina acted "with due diligence in discovering the deception." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003); *see also Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999). Accordingly, Molina's motion to reopen was timely pursuant to equitable tolling. *See Albillo–De Leon v. Gonzales*, 410 F.3d 1090, 1100 (9th Cir.2005).

As Molina was precluded from filing a NACARA-based adjustment of status application due to counsel's ineffectiveness, he has shown plausible grounds for relief and established prejudice. *See* 8 C.F.R. § 1003.43(d)(1), (5); *Singh v. Ashcroft*, 367 F.3d 1182, 1189 (9th Cir.2004). The BIA did not rely on the IJ's conclusion that Molina's failure to depart voluntarily was not due to exceptional circumstances under former 8 U.S.C. § 1252b(e)(2), thereby barring him from relief, and we decline to do so. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam); *cf. Castillo–Perez v. INS*, 212 F.3d 518, 528 (9th Cir.2000). Without expressing an opinion as to the merits of Molina's NACARA-based application, we remand with directions that his proceedings be reopened. *See Singh*, 367 F.3d at 1190.

Molina's motion to file his late reply brief is granted. The Clerk shall file the brief received on September 6, 2005.

**PETITION FOR REVIEW GRANTED; REMANDED.**