**YAN YAN CHEN, aka Ellen Yan Yan Chen Yu, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 02–71428, 05–71433.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 27, 2006.

Filed Sept. 11, 2006.

Before: MERRITT,* KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

Ellen Yan Yan Chen Yu ("Chen") petitions for review of two separate decisions of the Board of Immigration Appeals ("BIA"). In No. 02–71428, Chen petitions for review of the BIA's summary affirmance of the decision of an Immigration Judge ("IJ") finding her deportable but granting voluntary departure. In No. 05–71433, Chen petitions for review of the BIA's denial of her second motion to reopen, which was based on ineffective assistance of counsel claims against her prior attorneys. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny in part and dismiss in part the first petition but grant the second.

Chen contends the BIA erred in affirming the IJ's decision in four respects.[1] First, she argues the BIA mistakenly placed the burden on her to demonstrate that she did not participate in a fraudulent marriage. In light of the BIA's affirmance of the IJ's finding that Chen was *not* deportable for having procured a visa by fraud or for having failed to comply with the conditions of her status, we reject

---

* The Honorable Gilbert S. Merritt, Senior Judge, United States Court Appeals for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. "Because the Board summarily affirmed the IJ's ruling ..., we look to the IJ's decision in" evaluating Chen's claims in No. 02–71428. *Reyes v. Ashcroft,* 358 F.3d 592, 595 (9th Cir.2004). We review the IJ's factual findings for substantial evidence and his legal conclusions de novo. *Oropeza–Wong v. Gonzales,* 406 F.3d 1135, 1141 (9th Cir.2005).

this argument. Second, Chen claims the BIA erred in failing to permit her to adjust her status based on her second marriage. However, Chen may not adjust her status based on this marriage because she entered the United States on a K–1 visa for the purpose of marrying her first husband. *See* 8 U.S.C. § 1255(d). Third, Chen argues that the BIA erred in rejecting her application for a waiver of inadmissibility under 8 U.S.C. § 1182(i). However, this waiver can only be granted to applicants found deportable under 8 U.S.C. § 1182(a)(6)(C). *See id.* § 1182(i)(1). Chen was not. We deny Chen's petition for review in No. 02–71428 on these grounds.

■ Fourth, Chen argues that the IJ violated her due process rights by failing to advise her of her apparent eligibility for suspension of deportation under the Violence Against Women Act of 1994 ("VAWA"), *see* 8 U.S.C. § 1254(a)(3) (1995), as required by 8 C.F.R. § 242.17(a) (1996), *see Moran–Enriquez v. INS,* 884 F.2d 420 (1989). Chen failed to exhaust this claim before the BIA, thereby depriving us of jurisdiction to entertain it. *See Agyeman v. INS,* 296 F.3d 871, 877 (9th Cir.2002); 8 U.S.C. § 1252(d)(1). We dismiss as unexhausted Chen's petition in No. 02–71428 on this ground.

In No. 05–71433, Chen argues that the BIA abused its discretion in denying her second motion to reopen. *See Reyes v. Ashcroft,* 358 F.3d 592, 595 (9th Cir.2004).[2]

The BIA held that her prior attorneys did not provide ineffective assistance, which she needed to demonstrate in order to overcome the statutory limits on filing a second motion to reopen. *See* 8 C.F.R. § 1003.23(b).[3] "Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Jie Lin v. Ashcroft,* 377 F.3d 1014, 1023 (9th Cir.2004) (internal quotation marks omitted). Chen's attorneys' failure to file applications for VAWA relief prevented her from presenting her case. *See Iturribarria v. INS,* 321 F.3d 889, 900 (9th Cir.2003). If Chen had a plausible claim for VAWA relief, and if her prior counsel did not present adequate reasons for failing to apply for that relief, their conduct was ineffective. Additionally, if Chen had a plausible claim for relief, she has demonstrated prejudice. *See Siong v. INS,* 376 F.3d 1030, 1037 (9th Cir.2004). Chen need not show that she would be entitled to VAWA relief, but merely that "[s]he has presented a claim that could *plausibly* succeed on the merits." *Singh v. Ashcroft,* 367 F.3d 1182, 1190 (9th Cir.2004) (emphasis added).

■ In denying Chen's motion, the BIA first reasoned that Chen was unlikely to be granted VAWA relief as a matter of the INS's discretion; thus, it was reasonable for her attorneys to decide not to pursue this relief. This finding is not sup-

---

**2.** We review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *Oropeza–Wong,* 406 F.3d at 1141. A finding is supported by substantial evidence "unless the evidence compels a contrary result." *Monjaraz–Munoz v. INS,* 327 F.3d 892, 895 (9th Cir.2003). "Claims of due process violations, due *inter alia* to ineffective assistance of counsel, are reviewed de novo." *Jie Lin v. Ashcroft,* 377 F.3d 1014, 1023 (9th Cir.2004).

**3.** The numerical and time limits are equitably tolled in a case of ineffective assistance of counsel until the petitioner should have known of the ineffectiveness. *See Ray v. Gonzales,* 439 F.3d 582, 589 n. 5, 590 (9th Cir. 2006). Chen first had reason to know of her prior attorneys' alleged ineffectiveness on March 9, 2004, ninety days before she filed her second motion to reopen.

ported by substantial evidence because the discretionary decision whether to grant VAWA relief would have rested with the IJ, not the INS, and the IJ found Chen credible in full and granted her voluntary departure in the exercise of his discretion. The BIA also erred as a matter of law in making this finding because it failed to consider the positive equities in Chen's case and balance them against any negative factors. *See Watkins v. INS*, 63 F.3d 844, 850–52 (9th Cir.1995).

■ Second, the BIA found that Chen likely was ineligible for VAWA relief because her evidence of abuse by her first husband was "extremely weak and contradicted by the testimony of other witnesses at her deportation hearing." This finding also is not supported by substantial evidence. Although significant evidence at Chen's deportation hearing contradicted her claim, the IJ specifically found her credible in full. The IJ thus resolved any contradictions in Chen's favor. Chen's credible testimony is sufficient to satisfy VAWA's requirement that she "has been battered or subjected to extreme cruelty in the United States by a spouse … who is a United States citizen." 8 U.S.C. § 1254(a)(3) (1995); *see Oropeza–Wong v. Gonzales*, 406 F.3d 1135, 1144–46 (9th Cir. 2005).

■ Third, the BIA found that two of Chen's prior attorneys presented a valid strategic reason—not wanting to risk reexamination of Chen's first marriage—for not pursuing VAWA suspension of deportation. To the extent these attorneys expressed concern about VAWA's statutory prohibition against relief if an alien "is deportable under … section 241(a)(1)(G) [marriage fraud]," 8 U.S.C. § 1254(a)(3) (1995), they misunderstood the law. An alien is only barred from VAWA relief if

she has been found "deportable" for marriage fraud; Chen was not. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1251–52 (9th Cir.2003); *Matter of Ching*, 12 I. & N. Dec. 710, 1968 WL 14091 (B.I.A.1968). Chen could not have been statutorily barred from VAWA relief based on her first marriage, and any explanation by her prior attorneys that rests on this assumption is flawed. Further, these attorneys pursued relief for which Chen *was* statutorily ineligible. Forgoing possible relief while applying for relief for which a client is statutorily ineligible is not a valid litigation strategy.

■ We hold that the BIA's factual findings that underlie its effective assistance of counsel determination are not supported by substantial evidence and are based in part on errors of law. Chen demonstrated ineffective assistance of prior counsel for failing to pursue VAWA relief, and the BIA abused its discretion in denying Chen's second motion to reopen. We remand to the BIA with instructions that it reopen Chen's case and remand to the IJ so that Chen may pursue VAWA suspension of deportation and any other forms of relief she deems appropriate.

The petition in No. 02–71428 is **DENIED** in part and **DISMISSED** in part. The petition in No. 05–71433 is **GRANTED** and **REMANDED**.

KLEINFELD, Circuit Judge, concurring in part and dissenting in part.

I concur in 02–71428. I respectfully dissent in 05–71433. "We review the BIA's findings of fact, including credibility findings, for substantial evidence and must uphold the BIA's finding unless the evidence compels a contrary result." [4]

4. *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.2003).

Chen obtained a K–1 visa by marrying an American homosexual afflicted with AIDS. The INS denied her application for permanent resident status and initiated deportation. Chen's husband died and she married another American. At the hearing, she claimed the dead husband beat, raped, and otherwise mistreated her. Although the IJ found Chen credible, this very charitable finding affected only whether she would get voluntary departure, not whether she would be deported. The IJ found Chen out of status because her marriage was fraudulent, and ordered her deportation. Chen appealed, but the BIA summarily affirmed the IJ.

Chen did not file this motion to reopen until years had elapsed and she had failed to depart. The BIA reasonably denied this "discretionary" and "disfavored" motion.[5] A Violence Against Women Act claim would have succeeded only if counsel preserved the IJ's unexpectedly favorable credibility finding, a risky course if credibility affected deportation and not just voluntary departure.

The majority impermissibly substitutes its judgment for counsel's and the IJ's, and concludes failure to pursue Chen's Violence Against Women Act claim amounts to ineffective assistance of counsel.

---

5. *INS v. Doherty,* 502 U.S. 314, 321, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).