Gurdip SINGH; Kamlesh
Singh, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–75951.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 27, 2007 *.

Filed Aug. 30, 2007.

Robert B. Jobe, Esq., Law Offices of
Robert B. Jobe, San Francisco, CA, for
Petitioners.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Richard M. Evans, Esq., Nancy E. Fried-
man, Esq., DOJ–U.S. Department of Jus-
tice, Civil Div./Office of Immigration Lit.,
Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and
THOMAS, Circuit Judges.

## MEMORANDUM **

Gurdip and Kamlesh Singh, husband
and wife and natives and citizens of India,
petition for review of the Board of Immi-
gration Appeals' ("BIA") order denying
their motion to reopen proceedings based
on ineffective assistance of counsel. We
have jurisdiction pursuant to 8 U.S.C.
§ 1252. We review the denial of a motion
to reopen for abuse of discretion, and re-
view claims of due process violations de
novo. *See Mohammed v. Gonzales*, 400
F.3d 785, 791–92 (9th Cir.2005). We grant
the petition for review and remand.

The BIA properly concluded that Peti-
tioners are entitled to a rebuttable pre-

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

2

sumption of prejudice because their former attorney failed to file a brief on appeal. *See Amarjit Singh v. Ashcroft,* 367 F.3d 1182, 1189 (9th Cir.2004) (where BIA summarily dismissed appeal for failure to file a brief, petitioner was deprived of meaningful appellate review, and was entitled to a rebuttable presumption of prejudice). However, we disagree with the BIA's conclusion that the presumption is rebutted in this case. *See id.* (presumption is not rebutted if alien is able to show plausible grounds for relief from removal).

Although the BIA recited the correct prejudice standard in its decision, that Petitioners demonstrate plausible grounds for relief, the BIA went on to apply a more stringent standard, that Petitioners demonstrate they will ultimately prevail on their claims. *See Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir.2004) (per curiam) (BIA abuses its discretion where it requires petitioner to demonstrate that they would win or lose when assessing prejudice on an ineffective assistance of counsel claim). Petitioners need only demonstrate that their claims for asylum, withholding of removal and relief under the Convention Against Torture are plausible in order to demonstrate prejudice. *See Lin v. Ashcroft,* 377 F.3d 1014, 1027 (9th Cir.2004). We therefore remand to the Board to assess under the correct standard whether the presumption of prejudice is rebutted in this case.

**PETITION FOR REVIEW GRANTED; REMANDED.**