**Rosalia RESENDIZ–DOMINGUEZ, aka Rosalia Sibriano, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–73554.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2007.*

Filed Dec. 21, 2007.

Kevin A. Bove, Esq., Escondido, CA, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, REINHARDT and W. FLETCHER, Circuit Judges.

MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") denial of a second motion to reopen of a previous denial of an application for cancellation of removal. We review this decision for an abuse of discretion. *See Ray v. Gonzales*, 439 F.3d 582 (9th Cir.2006) (cit-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing *Singh v. Ashcroft,* 367 F.3d 1182, 1185 (9th Cir.2004)).

We conclude that the BIA did not abuse its discretion in denying the motion to reopen because the motion is barred by the numerical limitations governing motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2); *Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004). Furthermore, petitioner's motion to reopen has not alleged that her motion is subject to any of the exceptions to the numerical limitations set forth at 8 C.F.R. § 1003.2(c)(3). Accordingly, respondent's motion for summary disposition is granted in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

To the extent petitioner challenges the BIA's refusal to *sua sponte* reopen her removal proceedings, this court lacks jurisdiction to review the BIA's discretionary decision to deny sua sponte reopening of petitioner's case. *See* 8 C.F.R. § 3.2(a); *Ekimian v. INS,* 303 F.3d 1153 (9th Cir. 2002). We therefore dismiss this petition in part.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.