**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ABDALLAH FAOUR FRAIHAT,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>    Respondent. | No. 08-71873<br>A076-697-069 and A093-167-376<br><br><br>**MEMORANDUM***</td> |

On Petition for Review of an Order of
the Board of Immigration Appeals

Argued and Submitted June 6, 2011
Pasadena, California

Before:    RYMER, TROTT, Circuit Judges, and BEISTLINE,** District
Judge.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Ralph R. Beistline, United States Chief District Judge
for the District of Alaska, sitting by designation.

The facts of this case and the procedural history are known to the parties.

Petitioner appeals the Board of Immigration Appeal's ("BIA") April 29, 2008,

affirmation of Immigration Judge Anthony Atenaide's February 24, 2006, decision

holding that Petitioner's motion to reopen his removal proceedings was untimely.

Petitioner contends that during the removal proceedings, Judge Atenaide gave him

incorrect legal advice that warranted the equitable tolling of the ninety-day

deadline to file his motion and, alternatively, denied him his due process right to

judicial review because it rendered invalid his appeal waiver.  The court dismisses

Petitioner's equitable tolling claim, but grants the petition in part with respect to

Petitioner's due process claim and remands for further proceedings.

**Standard of Review**

BIA denials of motions to reopen are reviewed for abuse of discretion.

Singh v. Ashcroft, 367 F.3d 1182, 1185 (9th Cir. 2004) (citing Iturribarria v. INS,

321 F.3d 889, 894 (9th Cir. 2003)).  The BIA's decision should only be disturbed

upon finding that it acted "arbitrarily, irrationally, or contrary to law." Singh v.

INS, 213 F.3d 1050, 1052 (9th Cir. 2000).  Reviews of purely legal questions, such

as due process claims, however, are carried out *de novo*.  Iturribarria, 321 F.3d at

894.  In employing the *de novo* standard, this court must perform an independent

review of the entirety of the record unless the BIA has reviewed the immigration

2

judge's decision *de novo*, in which case, the court is limited to reviewing solely the BIA's decision, "except to the extent that the BIA adopted the IJ's opinion." Agyeman v. INS, 296 F.3d 871, 876 (9th Cir. 2002).

**Discussion**

This court has found that failure to raise the issue of equitable tolling in an appeal to the BIA "constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." Vargas v. U.S. Dep't of Immigration and Naturalization, 831 F.2d 906, 907-08 (9th Cir. 1987). Petitioner argues that "while [he] did not use the term 'equitable tolling' in his brief, he did set forth facts in his brief that established his entitlement to equitable relief." Even given this court's holding in Socop-Gonzalez v. INS, 272 F.3d 1176, 1193 (9th Cir. 2001), Petitioner's "defective advice" equitable tolling argument in support of the current petition was not sufficiently raised before the BIA. Therefore, because Petitioner failed to fully exhaust his administrative remedies regarding his equitable tolling argument, this court does not have jurisdiction to hear such claim.

Individuals subject to a removal proceeding are guaranteed the Fifth Amendment "guarantee of due process." Singh, 367 F.3d at 1186. "A waiver of the right to appeal a removal order must be 'considered and intelligent' or it

constitutes a deprivation of the right to appeal and thus of the right to a meaningful opportunity for judicial review." Biwot v. Gonzales, 403 F.3d 1094, 1098 (9th Cir. 2005). Immigration Judge Atenaide's advice, taken as a whole, creates a question as to whether such advice was sufficiently misleading to invalidate Petitioner's appeal waiver. The BIA must acknowledge and decide whether Petitioner's appeal was "considered and intelligent" in light of Judge Atenaide's advice. If the BIA finds that the waiver was invalid, Petitioner's appeal to the BIA must be heard on the merits. Therefore, the petition is granted with respect to the waiver issue as to whether Petitioner's waiver of his right to appeal was "considered and intelligent."

## CONCLUSION

Petitioner's equitable tolling argument fails and is dismissed. Petitioner's due process claim regarding the validity of his appeal waiver is remanded. Petition is DISMISSED IN PART, GRANTED IN PART, and REMANDED for further proceedings.