**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CELIA VICTORINA BENAVIDEZ, | No. 12-70109 |
| Petitioner, | Agency No. A094 454 970 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2015
Pasadena, California

Before:    REINHARDT, TASHIMA, and CLIFTON, Circuit Judges.

Celia Victorina Benavidez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of her motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny Benavidez's

petition.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Singh v. Gonzales*, 491 F.3d 1090, 1095 (9th Cir. 2007). "The decision of the BIA should be left undisturbed unless it is arbitrary, irrational, or contrary to law." *Feng Gui Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009) (quoting *He v. Gonzales*, 501 F.3d 1128, 1131 (9th Cir. 2007)).

A party must file a motion to reopen deportation proceedings no later than 90 days after the date on which the final administration decision was rendered. 8 C.F.R. § 1003.2(c)(2). Benavidez filed her motion to reopen on July 5, 2011, nearly four years after the date on which the BIA rendered its decision. We have held, however, that in certain circumstances, the BIA should toll the 90-day filing period for a petitioner seeking to reopen on the basis of ineffective assistance of counsel. *Singh v. Ashcroft*, 367 F.3d 1182, 1185-86 (9th Cir. 2004). For equitable tolling due to ineffective assistance of counsel to apply, a petitioner must, *inter alia*, act with due diligence in pursuing her claim. *Id*. at 1186.

The BIA did not abuse its discretion when it denied Benavidez's petition for failing to exercise due diligence. In assessing whether a petitioner exercised due diligence, we must consider three factors: (1) "if (and when) a reasonable person in petitioner's position would suspect the specific fraud or error underlying her motion to reopen"; (2) "whether petitioner took reasonable steps to investigate the

2

suspected fraud or error, or, if petitioner is ignorant of counsel's shortcomings, whether petitioner made reasonable efforts to pursue relief"; and (3) "when the tolling period should end; that is, when petitioner definitively learn[ed] of the harm resulting from counsel's deficiency." *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (internal citations and quotation marks omitted). Because Benavidez failed to specify when she started having trouble communicating with her former attorney and when she first met with her current attorney, the BIA was unable to determine when Benavidez had reason to be suspicious of her former counsel's conduct. As a result, it was impossible for the BIA to determine whether, after having reason to be suspicious, Benavidez "made reasonable efforts to pursue relief until she learned of counsel's ineffectiveness."[1] *Id*. at 682. Furthermore, because Benavidez's motion does not state when she definitively learned of the

---

[1] The dissent contends that "[w]e cannot ask for more" of Benavidez, even while conceding that she "does not specify exactly when she began to suspect that her prior attorney had rendered ineffective assistance of counsel." But as part of her due diligence showing, Benavidez was required to make the predicate showing of when she "definitively learn[ed] of the harm resulting from counsel's deficiency." *Avagyan*, 646 F.3d at 679. This she failed to do.

alleged ineffective assistance of her former attorney, it was impossible for the BIA

to calculate when the tolling period ended.[2]

       **PETITION DENIED.**

---

[2]    Because the due diligence issue is dispositive, we do not reach any of the other issues raised by the parties.

*Benavidez v. Lynch, 12-70109*
Reinhardt, Circuit Judge, dissenting:

The majority concludes that Benavidez failed to exercise due diligence in pursuing her claim of ineffective assistance of counsel. To be sure, Benavidez does not specify exactly when she began to suspect that her prior attorney had rendered ineffective assistance of counsel. Her declarations show, however, that once she began having trouble communicating with her former attorney (and therefore to suspect ineffective assistance of counsel) she contacted her current attorney.[1] All the time prior to that contact should be equitably tolled because she reasonably relied on her attorney's assurances that the BIA erred when it denied her appeal and that he was pursuing an appeal to this Court. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 826 (9th Cir. 2011).

Following Benavidez's meeting with her new attorney at or about the end of 2010, it is clear that the new attorney failed for approximately seven months to file a motion to reopen for reasons that may or may not have been justifiable. First, he had trouble obtaining the complete file from Benavidez's former counsel even though it was his own former law partner who had served in that capacity.

---

[1] For the purposes of a motion to reopen, the BIA (and this Court) must accept all factual allegations in supporting declarations as true unless it finds "those facts to be inherently unbelievable." *Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007) (internal quotation marks omitted).

Second, he suffered an injury that left him unable to work for roughly a month. In any case, there is no reason to conclude that Benavidez was at fault for any of this delay, whether excusable or not. Nothing therefore precludes Benavidez from filing a second motion to reopen based on her new attorney's failure to file a timely motion to reopen.

When Benavidez became suspicious of her prior counsel's performance, she contacted another attorney and followed his advice. We cannot ask for more. The unnecessary proliferation of appeals such as will surely occur here is not a desirable way to implement an already dubious system of enforcing our immigration laws. I respectfully dissent.