MEMORANDUM *
Celia Victorina Benavidez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals’ (“BIA”) denial of her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny Benavidez’s petition.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Singh v. Gonzales, 491 F.3d 1090, 1095 (9th Cir.2007). “The decision of the BIA should be left undisturbed unless it is arbitrary, irrational, or contrary to law.” Feng Gui Lin v. Holder, 588 F.3d 981, 984 (9th Cir.2009) (quoting He v. Gonzales, 501 F.3d 1128, 1131 (9th Cir.2007)).
A party must file a motion to reopen deportation proceedings no later than 90 days after the date on which the final administration decision was rendered. 8 C.F.R. § 1003.2(c)(2). Benavidez filed her motion to reopen on July 5, 2011, nearly four years after the date on which the BIA rendered its decision. We have held, however, that in certain circumstances, the BIA should toll the 90-day filing period for a petitioner seeking to reopen on the basis of ineffective assistance of counsel. Singh v. Ashcroft, 367 F.3d 1182, 1185-86 (9th Cir.2004). For equitable tolling due to ineffective assistance of counsel to apply, a petitioner must, inter alia, act with due diligence in pursuing her claim. Id. at 1186.
The BIA did not abuse its discretion when it denied Benavidez’s petition for failing to exercise due diligence. In assessing whether a petitioner exercised due diligence, we must consider three factors: (1) “if (and when) a reasonable person in petitioner’s position would suspect the specific fraud or error underlying her motion to reopen”; (2) “whether petitioner took reasonable steps to investigate the suspected fraud or error, or, if petitioner is ignorant of counsel’s shortcomings, whether petitioner' made reasonable efforts to pursue relief’; and (3) “when the tolling period should end; that is, when petitioner definitively learn[ed] of the harm resulting from counsel’s deficiency.” Avagyan v. Holder, 646 F.3d 672, 679 (9th Cir.2011) (internal citations and quotation marks omitted). Because Benavidez failed to specify when she started having trouble communicating with her former attorney and when she first met with her current attorney, the BIA was unable to determine when Benavidez had reason to be suspicious of her former counsel’s conduct. As a result, it was impossible for the BIA to ’determine whether, after having reason to be suspicious, Benavidez “made reasonable efforts to pursue relief until she learned of counsel’s ineffectiveness.”[1] Id. at 682. Furthermore, because Benavidez’s motion does not state when she definitively learned of the alleged ineffective assis *686 tance of her former attorney, it was impossible for the BIA to calculate when the tolling period ended.[2]
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. The dissent contends that "[w]e cannot ask for more” of Benavidez, even while conceding that she "does not specify exactly when she began to suspect that her prior attorney had rendered ineffective assistance of counsel.” But as part of her due diligence showing, Benavidez was required to make the predicate showing of when she "definitively learn[ed] of the harm resulting from counsel’s deficiency.” Avagyan, 646 F.3d at 679. This she failed to do.

. Because die due diligence issue is disposi-tive, we do not reach any of the other issues raised by the parties.