NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUILLERMO ANTONIO CORTES FERNANDEZ, AKA Guerno Hernandez Cortes, <br><br>         Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br>         Respondent. | No. 12-73173 <br><br> Agency No. A094-450-965 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:  TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Guillermo Antonio Cortes Fernandez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen based on ineffective assistance of prior counsel.  We review

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

for abuse of discretion the BIA's denial of a motion to reopen, and we review de novo questions of law and constitutional claims. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). We deny in part, and dismiss in part, the petition for review.

The BIA did not abuse its discretion in denying Cortes Fernandez's motion to reopen for failure to establish prejudice from his former attorney. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (requiring prejudice to state valid claim of ineffective assistance of counsel). Cortes Fernandez's contention that his former counsel deprived him of an opportunity to challenge the agency's denial of his application for relief before this court failed to describe a colorable challenge to the agency's decision that would establish "plausible grounds for relief." *Id.* (presumption of prejudice rebutted when petitioners do not show plausible grounds for relief).

We lack jurisdiction to consider Cortes Fernandez's unexhausted contention regarding the IJ's purported excessive reliance on charging documents. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**