**Amarjit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72759.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2003.*

Filed May 18, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Burlingame, CA, for the petitioner.

Mary Jane Candaux and Thankful Vandestar, Office of Immigration Litigation, Washington, DC, for the respondent.

Before: CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

WILLIAM A. FLETCHER, Circuit Judge:

Amarjit Singh petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. Recharacterizing it as a "motion to reconsider," the BIA denied Singh's motion. We grant the petition for review because we hold that the BIA abused its discretion in denying Singh's motion to reopen.

## I. Background

Singh is a Sikh and a native and citizen of India. In September 1998, Singh testified before an immigration judge ("IJ") that he had been arrested in India three times in 1994 and 1995 for suspected involvement with Sikh separatists. According to his testimony, Singh was interrogated and beaten repeatedly during each of these detentions. The IJ denied Singh asylum, finding that he had not established persecution based on a statutory ground for relief.

Singh and his then-attorney Jagdip Singh Sekhon agreed that Singh would appeal the IJ's decision to the BIA, and Singh paid Sekhon for his promised services. On September 25, 1998, Sekhon timely filed a Notice of Appeal to the BIA and, by marking a box on Form EOIR–26, indicated that he would file a separate brief. During the months following, Singh contacted Sekhon's office several times to check on the status of his appeal. He was repeatedly assured that the appeals process was lengthy and that he should be patient. In fact, however, Sekhon did not attempt to file a brief until nearly twenty months after the filing deadline. The BIA returned the brief to Sekhon and advised him that he could resubmit it with a motion for consideration of a late-filed brief. Sekhon did not seek to resubmit the brief and did not advise Singh of the BIA's communication.

On March 18, 2002, in a one-person order, the BIA summarily dismissed Singh's appeal. Except for the second-to-last sentence of the following paragraph, the BIA's discussion was devoted to Singh's failure to file a brief. The BIA wrote:

> The appeal is dismissed. The appellant checked Box 6 on the Notice of Appeal (Form EOIR–26) indicating that a separate written brief or statement would be filed in addition to the reasons for appeal accompanying the Notice of Appeal. Block 6 is immediately followed by a clear warning that the appeal may be subject to summary dismissal if the appellant indicates that such a brief or statement will be filed and, "within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure." The appellant was granted the opportunity to submit a brief or statement in support of the appeal. However, the record indicates that appellant did "not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 3.1(d)(2)(i)(D). *Moreover, upon review of the record, we are not persuaded that the Immigration Judge's ultimate resolution of this case was in error.* Accordingly, we find that summary dismissal is appropriate pursuant to the provisions of 8 C.F.R. § 3.1(d)(2)(i)(D).

(Emphasis added.)

In late April 2002, using the BIA's automated telephone system with the help of a

friend, Singh learned that his appeal had been summarily dismissed. On June 18, 2002, represented by new counsel, Singh filed a thirteen-page "Motion to Reopen and to Stay Deportation," asserting that his former counsel had been ineffective. In the motion, Singh outlined the steps he had taken to comply with *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988).[1] At the end of the motion, Singh "respectfully move[d] that his appeal ... be reopened and he be allowed to file a brief as per the original Notice of Appeal."

In a one-person order, the BIA denied Singh's motion to reopen, recharacterizing it as a motion to reconsider. It denied the motion on two grounds. First, it refused to grant equitable tolling and denied the motion as untimely. Second, it held that, in any event, Singh had failed to show prejudice resulting from the ineffective assistance of his former counsel.

We have jurisdiction to review the BIA's denial of a motion to reopen under 8 U.S.C. § 1252(b). *See Reyes v. Ashcroft*, 358 F.3d 592, 594 (9th Cir.2004). "This court reviews BIA denials of motions to reopen for abuse of discretion, but reviews purely legal questions, such as due process claims, de novo." *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003) (internal citations omitted). For the reasons that follow, we hold that the BIA abused its discretion in denying Singh's motion to reopen.

## II. Discussion

### A. Recharacterization of Singh's Motion

We have recently held that "[w]here the facts surrounding allegedly ineffective representation by counsel were unavailable to the petitioner at an earlier stage of the administrative process, mo-

tions before the BIA based on claims of ineffective assistance of counsel are properly deemed motions to reopen." *Iturribarria*, 321 F.3d at 891. Singh's motion to reopen fits squarely within our holding in *Iturribarria*. In his motion, Singh represented that he had not learned that his appeal had been summarily dismissed by the BIA until he called the automated telephone system in April 2002. Only after that telephone call did Singh learn that Sekhon, his former counsel, had failed to file a timely brief in support of the appeal; that Sekhon had failed to make a motion to the BIA to consider a late-filed brief; and that Sekhon had failed to communicate any of this information to Singh. In his motion, Singh thus presented to the BIA a claim for ineffective assistance of counsel supported by factual representations that had been "unavailable to [him] at an earlier stage of the administrative process." *Id.* Under *Iturribarria*, the BIA thus erred as a matter of law when it recharacterized Singh's motion to reopen as a motion for reconsideration.

### B. Equitable Tolling

When properly characterized as a motion to reopen, Singh's motion was filed one day late. *See* 8 C.F.R. § 3.2(c)(2) (2002) (motion to reopen must be filed within 90 days).[2] If it had been a motion to reconsider, the motion would have been 61 days late. *See id.* § 3.2(b)(2). We held in *Iturribarria* that the BIA should have tolled the 90–day filing period for a petitioner seeking to reopen on the basis of ineffective assistance of counsel. There we "recognize[d] equitable tolling of deadlines ... during periods when a petitioner is prevented from filing because of decep-

---

1. The government does not dispute that Singh has complied with the procedural requirements outlined in *Matter of Lozada*. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1123 (9th Cir.2000).

2. This provision was renumbered in 2004 to 8 C.F.R. § 1003.2(c)(2), but we refer hereafter to the number it bore at the time it applied to Singh.

tion, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." 321 F.3d at 897; *see also Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir.2002). In this case, Singh alleges that he was deceived by his former attorney. As soon as Singh learned that his appeal had been denied, he acted with due diligence in learning of Sekhon's deceit, in retaining new counsel, and in complying with the *Lozada* requirements. If the BIA had allowed equitable tolling of the deadline during this period, Singh's motion to reopen would have been filed well within the filing period. We hold that the BIA abused its discretion in refusing to toll the filing deadline, and that Singh's motion to reopen was therefore timely filed.

### C. Prejudice

 There is no Sixth Amendment right to counsel in a deportation proceeding, but Fifth Amendment due process guarantees still must be afforded to an alien-petitioner. *See Iturribarria*, 321 F.3d at 899. "To show a deprivation of due process caused by ineffective assistance of counsel, the alien must show that counsel's ineffective performance prejudiced h[im]." *Id.* Stated otherwise, to succeed on a claim of ineffective assistance of counsel, an alien must show both error and prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000).

The BIA denied Singh's motion to reopen on July 29, 2002. In denying the motion (erroneously recharacterized as a motion to reconsider), the BIA wrote:

> As noted, the purpose of a motion to reconsider is to demonstrate that the Board has erred. *Matter of Cerna*, [20 I. & N. Dec. 399, 1991 WL 353528 (BIA 1991)]. In our March 18, 2002, decision, in addition to noting that the respondent had failed to file a brief to support his claims, we stated that " . . . upon review of the record, we are not persuaded that

the Immigration Judge's ultimate resolution of this case was in error." The respondent in his motion presents nothing to show how we erred in making this determination. *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (party claiming ineffective assistance of counsel must show prejudice). The respondent does not present the brief that he claims would have caused us to reverse the Immigration Judge's determination, but instead promises to file such a brief only if the Board issues a new briefing schedule.

The BIA thus based its denial of Singh's motion on its finding, pursuant to our holding in *Lata*, that Singh had not "show[n] prejudice" resulting from his claim of "ineffective assistance of counsel."

1. Reasons Given by the BIA for Not Finding Prejudice

The BIA gave two reasons to support its holding that Singh had failed to show prejudice. First, the BIA noted that in its summary dismissal of Singh's appeal on March 18, 2002, it had stated that "upon review of the record" it had not been "persuaded" that the IJ's "ultimate resolution of this case was in error." Singh, the BIA continued, "presents nothing to show how we erred in making this determination," and thus had failed to show how he had been prejudiced by the summary dismissal of his appeal. That is, to show prejudice, the BIA required Singh to show that his asylum claim would have succeeded on the merits.

Second, the BIA stated that Singh "did not present the brief that he claims would have caused us to reverse the Immigration Judge's determination, but instead promises to file such a brief only if the Board issues a new briefing schedule." Thus, because Singh had failed to file with his motion to reopen the appellate brief that would have been filed but for the ineffec-

tiveness of his former attorney, the Board concluded that Singh had failed to show that he had been prejudiced by its summary dismissal of his appeal in March 2002. We consider these two reasons in turn.

 The BIA indicated, in support of its first reason, that Singh had not demonstrated the BIA had erred in summarily dismissing his claim on the merits on March 18, 2002. This reason fails because the BIA did not summarily dismiss Singh's appeal on the merits in March 2002. Indeed, under applicable law, it could not have done so.

In its March 18, 2002, summary dismissal, the BIA specifically pointed to the regulation permitting summary dismissal on the procedural ground that the alien has failed to file a brief. *See* 8 C.F.R. § 3.1(d)(2)(i)(D) (2002) (BIA may summarily dismiss an appeal if "[t]he party concerned indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing[.]"). In our recent decision in *Hardeep Singh v. Ashcroft,* 361 F.3d 1152 (9th Cir.2004), we were confronted with the BIA's summary dismissal of an alien's appeal through an order that was virtually identical to the one in the case before us. In *Hardeep Singh,* the BIA's order stated "that the Board found summary dismissal 'appropriate pursuant to the provisions of 8 C.F.R. § 3.1(d)(2)(i)(D),'" the same regulation cited by the BIA here. *Id.* at 1156. Further, in *Hardeep Singh,* "the BIA's Order also state[d] that 'upon review of the record, we are not persuaded that the Immigration Judge's ultimate resolution of this case was in error,'" which is the same language the BIA here used purportedly to dismiss Singh's appeal on the merits. *Id.*

The question we addressed in *Hardeep Singh* was "whether the BIA dismissed Singh's appeal on procedural or substantive grounds." *Id.* That is, we addressed whether the Board's order dismissed Hardeep Singh's appeal for his failure to file a brief or for the lack of merit to his underlying claim. We held that the BIA's summary dismissal was based solely on the procedural ground that Hardeep Singh had failed to file a brief on appeal to the BIA:

> Singh's appeal was explicitly denied pursuant to § 3.1(d)(2)(i)(D). The language of the Order alluding to the IJ's decision does not announce the basis for the Board's disposition. When § 3.1(d)(2)(i)(D) is invoked, as it explicitly was here, the BIA dismisses the appeal for purely procedural reasons. The specific procedural infirmity that justifies a summary dismissal pursuant to § 3.1(d)(2)(i)(D)—failure to file a brief, or explain the failure to do so, within the time set for filing—is evident without considering the merits of the appeal. It makes no sense to suggest that the BIA would recognize that summary dismissal is appropriate, but nevertheless review the merits of the procedurally infirm appeal.

*Id.* at 1156–57. Under our decision in *Hardeep Singh,* the BIA's explicit reliance on § 3.1(d)(2)(i)(D) in its March 18, 2002, summary dismissal order means that the BIA's dismissal was based solely on the procedural ground of Singh's failure to file a brief on appeal.

We would be compelled to reach the same result even independently of *Hardeep Singh.* When the BIA summarily dismissed Singh's appeal on March 18, 2002, it did not have the legal authority to enter a summary dismissal based on the merits of his appeal. The regulation in effect at the time provided:

(2) *Summary dismissal of appeals—*

(i) Standards. The Board may summarily dismiss any appeal or portion of any appeal in any case in which:

(A) The party concerned fails to specify the reasons for the appeal on Form EOIR–26 or Form EOIR–29 (Notices of Appeal) or other document filed therewith;

(B) The only reason for the appeal specified by the party concerned involves a finding of fact or a conclusion of law that was conceded by that party at a prior proceeding;

(C) The appeal is from an order that granted the party concerned the relief that had been requested;

(D) The party concerned indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing;

(E) The appeal does not fall within the Board's jurisdiction, or lies with the Immigration Judge rather than the Board;

(F) The appeal is untimely, or barred by an affirmative waiver of the right of appeal that is clear on the record; or

(G) The appeal fails to meet essential statutory or regulatory requirements or is expressly excluded by statute or regulation.

8 C.F.R. § 3.1(d)(2)(i) (2002). Notably absent from this regulation is a provision allowing for summary dismissal based on the merits of an alien's case. Under the regulation that took effect the following year, summary dismissals on the merits

were authorized, *see* 8 C.F.R. § 3.1(d)(2)(i)(D) (2003), but such dismissals were not authorized when Singh's appeal was summarily dismissed.[3] Thus, while the BIA purported to dismiss Singh's appeal on the merits by stating that it "was not persuaded that the Immigration Judge's ultimate resolution of this case was in error," this statement had, and could have had, no legal significance.

■ The second reason given by the BIA for not finding prejudice was that Singh had not filed with his motion to reopen the appellate brief he should have filed with his original appeal. This brief would, of course, have argued the merits of the appeal that was summarily dismissed. As an initial matter, we note that the BIA inaccurately described Singh's motion to reopen. Singh did not, as the BIA wrote, "promise" to file a brief "only if the Board issues a new briefing schedule." Singh made no conditional promise, and he said nothing about a briefing schedule. Rather, he merely sought permission to file the appellate brief that, because of the ineffective assistance of his former counsel, had not been timely filed.

Putting to one side the BIA's inaccurate description of Singh's motion, the BIA should not, in any event, have required Singh to submit, as part of his motion to reopen, his brief on the merits of his appeal. As we have already noted, the BIA summarily dismissed Singh's appeal solely based on his failure to file a timely brief. Because the merits had not been previously decided by the BIA, the merits were not before the BIA on Singh's motion to reopen, and a brief on the merits should not have been a required part of that motion.

---

**3.** The 2003 regulations authorizing summary dismissal on the merits reintroduced a ground for summary dismissal that had been included

in the 1999 regulations, but which was omitted in 2000. *Compare* 8 C.F.R. § 3.1(d)(1–a)(D) (1999) *with* 8 C.F.R. § 3.1(d)(2) (2000).

## 2. Reason to Find Prejudice

■ We agree with the BIA that to succeed on a claim of ineffective assistance of counsel in a deportation hearing, an alien must show that he or she has been prejudiced by his or her attorney's ineffectiveness. *See, e.g., Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir.2002); *Lata*, 204 F.3d at 1246. "A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings...." *Lata*, 204 F.3d at 1246. Because the only reason the BIA had summarily dismissed Singh's appeal in March 2002 was his failure to file a brief, Singh's former attorney's failure to file this brief, *ipso facto*, caused Singh prejudice. That is, but for the attorney's failure, the BIA would not have summarily dismissed Singh's appeal.

In *Dearinger v. Reno*, 232 F.3d 1042, 1045 (9th Cir.2000), we held that an alien was prejudiced by counsel's filing of her petition for review of a BIA order one day late in this court, resulting in the petition's dismissal. Explaining the prejudice counsel had caused the alien in *Dearinger*, we stated: "[W]here an alien is prevented from filing an appeal in an immigration proceeding due to counsel's error, the error deprives the alien of the appellate proceeding entirely. And ... this error mandates a presumption of prejudice because the adversary process itself has been rendered presumptively unreliable." *Id.* (internal citations and quotations omitted); *see also Rodriguez–Lariz*, 282 F.3d at 1226 (stating that prejudice results when the outcome of the proceedings is "unquestionably affected"). Elsewhere, we have clearly stated that "[u]nder *Dearinger*, [an alien-petitioner's] counsel's failure to file a brief with the BIA, which resulted in summary dismissal, creates a presumption that [the petitioner] was prejudiced because his counsel's mistake deprived him of a direct appeal to the BIA." *Rojas–Garcia v. Ash-*

*croft*, 339 F.3d 814, 826 (9th Cir.2003). Because the BIA summarily dismissed Singh's appeal for failure to file a brief, counsel's failure to file a timely brief deprived Singh of any meaningful review of the IJ's decision. A presumption of prejudice is thus warranted here.

■ The presumption of prejudice resulting from counsel's failure to file a brief may be rebutted. *Id.* The presumption, however, is not rebutted if an alien is able to "show plausible grounds for relief." *Id.* (internal quotations omitted). Stated affirmatively, "[t]o show prejudice, [Singh] must show that the BIA could plausibly have determined that he was[eligible for relief] based on the record before it." *Id.* at 827. In the record before it, the BIA had ample evidence that could plausibly have supported a finding that Singh was eligible for asylum. Singh testified credibly before the IJ that while he was in India he had been arrested and beaten numerous times because of his suspected connections to Sikh separatists affiliated with the All India Sikh Students Federation. In his motion to reopen, Singh reiterated the content of his underlying claim for asylum when he explained that he "had suffered past persecution as he was detained and tortured by the Indian security forces for his alleged association with the Sikh separatist movement." That an alien has been subject to detention and beatings because of an imputed political opinion makes out a plausible claim for eligibility for asylum and withholding of removal. *See, e.g., Salaam v. INS*, 229 F.3d 1234, 1240 (9th Cir.2000) (arrest and torture may amount to persecution); *Prasad v. INS*, 101 F.3d 614, 617 (9th Cir.1996) (repeated beatings when jailed may amount to persecution); *Canas–Segovia v. INS*, 970 F.2d 599, 601 (9th Cir.1992) (imputed political opinion is valid basis for eligibility for asylum).

In finding a plausible ground for relief in Singh's case, we, of course, express no opinion as to whether the BIA should ultimately reverse the IJ's denial of Singh's application. We merely hold that Singh has presented a claim that could plausibly succeed on the merits. The presumption of prejudice arising from Singh's former attorney's failure to file an appellate brief has not therefore been rebutted. In holding that Singh had not shown prejudice arising from his counsel's failure to file an appellate brief, the BIA thus abused its discretion.

## Conclusion

We hold that Singh filed a motion to reopen rather than a motion to reconsider, and that the time limit for filing that motion was equitably tolled because of the ineffective assistance of his former counsel. We further hold that in its denial of Singh's motion to reopen, the BIA improperly relied on its previous statement purporting to affirm the dismissal of Singh's appeal on the merits, and because the correctness of its earlier decision on the merits was not before it, the BIA improperly required Singh to submit a brief on the merits as part of his motion to reopen. Finally, we hold that in his motion to reopen Singh has shown prejudice resulting from his former counsel's failure to file a brief. We therefore conclude that the BIA abused its discretion in denying Singh's motion to reopen.

We GRANT Singh's petition for review and REMAND to the BIA with instructions to grant Singh's motion to reopen.