**Zaighum Hussain ZAIDI, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03-74195.

Agency No. A70-958-511.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 17, 2005.

Kari E. Hong, Esq., Law Office of Helen Sklar, Esq., Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OII, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Zaighum Hussain Zaidi, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") denial of a motion to reopen his proceedings, in which he applied for asylum, withholding of deportation, and relief under the Convention Against Torture. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). Reviewing for abuse of discretion, *see Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), we grant the petition and remand for further proceedings.

The BIA abused its discretion in concluding that the late filing of Zaidi's appeal was not excused by ineffective assistance of prior counsel Alan Harris, and instead constituted a lack of due diligence by Zai-

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

di. The BIA should have treated Zaidi's "motion to accept late filing of appeal" as a motion to reopen. *See Iturribarria v. INS,* 321 F.3d 889, 891 (9th Cir.2003) ("Where the facts surrounding allegedly ineffective representation by counsel were unavailable to the petitioner at an earlier stage of the administrative process, motions before the BIA based on claims of ineffective assistance of counsel are properly deemed motions to reopen."). A motion to reopen is due "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). Because Zaidi promptly retained new counsel after obtaining his case file from Harris, and filed the motion within 90 days of discovering the file's contents, equitable tolling rendered the motion timely. *See Iturribarria,* 321 F.3d at 899.

On the merits of the motion to reopen, Harris's ineffective assistance is plain from the record, as he erroneously sent the Immigration Judge's ("IJ") decision to Zaidi's former address. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1227 (9th Cir.2002). Zaidi has, moreover, complied with the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). *Id.* As Zaidi was denied his appeal to the BIA due to counsel's ineffectiveness, a presumption of prejudice arises which is not rebuttable where a petitioner demonstrates plausible grounds for relief. *See Siong v. INS,* 376 F.3d 1030, 1037–38 (9th Cir.2004). Zaidi has shown plausible grounds for relief in his contentions concerning the IJ's adverse credibility determination. *See Singh v. Ashcroft,* 367 F.3d 1182, 1189–90 (9th Cir. 2004).

Without expressing an opinion as to the merits of Zaidi's appeal to the BIA, we remand with directions that Zaidi's proceedings be reopened. *Id.* at 1190.

PETITION FOR REVIEW GRANTED; REMANDED.