Narciso Crescencio CLARA–MENDEZ; Amada Cohetzaltitla–Cortes, Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74110.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 25, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Carlos Ramirez, Esquire, Law Office of Noemi G. Ramirez, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Molly Louise Debusschere, Trial, Oil, DOJ, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

### MEMORANDUM **

Narciso Crescencio Clara–Mendez and Amada Cohetzaltitla–Cortes, husband and wife and native and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings due to ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of

** This disposition is not appropriate for publication and is not precedent except as provid-

discretion the denial of a motion to reopen and review de novo ineffective assistance of counsel claims. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We grant the petition for review and remand for further proceedings.

The BIA abused its discretion in determining that petitioners did not establish ineffective assistance of counsel or prejudice from their former counsel's failure to file a brief after the Department of Homeland Security appealed the immigration judge's grant of cancellation of removal. *See Singh v. Ashcroft,* 367 F.3d 1182, 1189 (9th Cir.2004) (applying presumption of prejudice standard where counsel failed to file a brief and stating that this presumption is not rebutted if an alien can show plausible grounds for relief). We therefore grant the petition for review and remand to the BIA with instructions to grant petitioner's motion to reopen. *See id.* at 1190.

In light of our disposition, we do not reach petitioners' remaining contention.

**PETITION FOR REVIEW GRANTED; REMANDED.**