MEMORANDUM *
Kaur petitions for review of an order by the Board of Immigration Appeals (“BIA”) affirming a decision by an Immigration Judge (“IJ”) denying her motion to reopen her unsuccessful attempt to secure asylum. She alleges that her failure to appear at the hearing where her application was denied was the result of ineffective assistance of counsel amounting to exceptional circumstances warranting reopening of her case. See 8 U.S.C. § 1229a(b)(5)(c)(l).
We review the BIA’s denial of a motion to reopen under the abuse of discretion standard. Singh v. Ashcroft, 367 F.3d 1182, 1185 (9th Cir.2004). Factual findings must be upheld “unless the evidence compels a contrary result.” Monjaraz-Munoz v. INS, 327 F.3d 892, 895 (9th Cir.2003).
Based upon (1) a signed letter from the attorney she accused of ineffective assistance and (2) corroborating materials from him controverting her allegations, buttressed by a material, glaring inconsistency between her 1-130 application and her visa petition and biographic form (form G325A) regarding her husbands, the BIA determined that Kaur’s credibility concerning her allegations was suspect and that she had not carried her substantial burden of establishing ineffective assistance of counsel. We decline to consider Kaur’s argument with respect to the state bar disciplinary record of her previous attorney because she did not raise the issue before the BIA.
The factual record supports the BIA’s decision and thus, its decision did not constitute an abuse of discretion.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.