NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUEVORG OROUDJIAN, | No. 06-72945 |
| Petitioner, | Agency No. A096-494-625 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2010[**]
Pasadena, California

Before: RYMER, WARDLAW and N.R. SMITH, Circuit Judges.

Guevorg Oroudjian, a native of Iran and citizen of Russia, petitions for

review of the Board of Immigration Appeals' ("BIA") summary dismissal of his

appeal for failure to meaningfully apprise it of the reason underlying the appeal,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

due to the BIA's denial of his motion for consideration of an untimely filed brief. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). We deny the petition.

The record does not support a conclusion that Oroudjian's due process rights were violated. Oroudjian did not lack notice that his appeal could be summarily dismissed for failure to file a timely brief. Failure to file the brief was not on account of lack of notice, but on account of counsel's admitted error in not signing the first submission and in not assuring that the signed brief would meet the deadline. In these circumstances, we decline to find a due process violation. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 822 (9th Cir. 2003).

Nor did the BIA deny Oroudjian a full and fair hearing by rejecting the brief instead of accepting his Notice of Appeal. Oroudjian's Notice of Appeal failed to state its reasoning with the specificity necessary to adequately apprise the BIA of the reasons for appeal. 8 C.F.R. § 1003.1(d)(2)(i).[1]

Summary dismissal was, therefore, appropriate.

PETITION DENIED.

---

[1] This disposition is without prejudice to Oroudjian's seeking to reopen proceedings in the BIA to raise an ineffective assistance of counsel claim. *See Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004).