**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| OSCAR ROJAS-GALVEZ, | No. 13-73362 |
| Petitioner, | Agency No. A070-563-284 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Oscar Rojas-Galvez, a native and citizen of Mexico, petitions for review of

the Department of Homeland Security's ("DHS") final administrative removal

order finding Rojas-Galvez removable as an alien convicted of an aggravated

felony, after conducting an expedited removal proceeding pursuant to 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1228(b).  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo claims of due process violations.  *Singh v. Ashcroft,* 367 F.3d 1182, 1185 (9th Cir. 2004).  We deny the petition for review.

Rojas-Galvez does not challenge DHS's finding that he is removable for having been convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

Rojas-Galvez's due process claims fail, where the record indicates he was advised of his rights but refused to sign the Form I-851, Notice of Intent to Issue a Final Administrative Order, *see Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) (applying a presumption of regularity regarding the official acts of public officers), and where he is statutorily barred from adjustment of status, *see* 8 U.S.C. § 1228(b)(5) ("No alien described in this section [pertaining to the expedited removal of aliens convicted of aggravated felonies] shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion."); 8 U.S.C.§ 1255(a) (adjustment of status is discretionary); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

13-73362