**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FUJU SHANG,<br><br>                Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>                Respondent. | No. 14-71355<br><br>Agency No. A097-864-702<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2015[**]
Pasadena, California

Before: REINHARDT and CHRISTEN, Circuit Judges and SEDWICK,[***] District
Judge.

Petitioner Fuju Shang, a citizen of the People's Republic of China, petitions

for review of the BIA's denial of her motion to reopen based on ineffective

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John W. Sedwick, District Judge for the U.S. District
Court for the District of Alaska, sitting by designation.

assistance of counsel before the Immigration Judge (IJ) and Board of Immigration Appeals (BIA). We review the BIA's denial of a motion to reopen for abuse of discretion, *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), and we grant the petition.

To "succeed on a claim of ineffective assistance of counsel, an alien must show both error and prejudice."[1] *Singh v. Ashcroft*, 367 F.3d 1182, 1186 (9th Cir. 2004). Although the BIA did not abuse its discretion with respect to its conclusion regarding the performance of Shang's attorney before the IJ, it did so in denying her claim based on his performance before the BIA. As the BIA recognized, her prior attorney's brief before the BIA was wholly ineffective in that it "did not meaningfully contest the Immigration Judge's finding that the harm she experienced in China did not rise to the level of persecution, and did not address any of the bases underlying the Immigration Judge's finding that she failed to establish a well-founded fear of persecution on account of her religion." The BIA nonetheless denied the motion because, in its opinion, the respondent failed to demonstrate prejudice because she "has not shown that the outcome of [her] appeal may have been different."

---

[1] A non-citizen must also comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). The government does not dispute that Shang has satisfied those requirements here.

Here, the BIA considered the wrong question. Once the BIA determines that appellate counsel's performance has been ineffective, it must consider whether the non-citizen has "*plausible* grounds for relief." *Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004) (internal quotations omitted). To establish plausible grounds for relief, Shang need only "show that the BIA could plausibly have determined that [she] was [eligible for relief] based on the record before it." *Singh*, 367 F.3d at 1189 (second alteration in original). Here, "the BIA had ample evidence that could plausibly have supported a finding that [Shang] was eligible for asylum" and withholding of removal.[2] *Id.* Shang testified credibly that she was arrested at an underground church and spent six days in prison, where she was repeatedly beaten, and that, after being released, she was fired from her job and forced to report to the police twenty-three times. That Shang was arrested and beaten because of her religious beliefs "makes out a plausible claim for eligibility for asylum and withholding of removal." *Singh*, 367 F.3d at 1189. Indeed, this circuit has held that a similar factual record *compelled* a finding of past persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1204 (9th Cir. 2004).

---

[2] Because the record does not demonstrate that Shang "is more likely than not to be tortured in" China, however, we do not reverse the BIA's denial of her motion to reopen her Convention Against Torture claim.

We do not express an opinion as to whether the BIA should ultimately reverse the denial of Shang's asylum and withholding applications. Rather, because we conclude that her "claims merit full consideration by the BIA," *Li*, 377 F.3d at 1027, we GRANT her petition for review and REMAND so that she may file a competent appellate brief with the BIA.

**REMANDED** for further proceedings consistent with this disposition.