FILED

NOT FOR PUBLICATION

MAR 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATALINA ESTHELA ORTIZ CARRASCO, | No. 14-73525 |
| Petitioner, | Agency No. A099-043-434 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Catalina Esthela Ortiz Carrasco, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen and review de novo

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

constitutional claims. *Singh v. Ashcroft,* 367 F.3d 1182, 1185 (9th Cir. 2004). We deny the petition for review.

The BIA did not abuse its discretion in denying Ortiz Carrasco's motion to reopen, where the motion was filed more than six years after her final order of removal, 8 C.F.R. § 1003.2(c)(2), and Ortiz Carrasco failed to demonstrate prima facie eligibility for asylum that would invoke the changed country conditions exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey,* 538 F.3d 988, 992, 996-97 (9th Cir. 2008) (news articles did not provide a link to show that petitioner would be affected by any change in country conditions discussed in the articles); *Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Ortiz Carrasco's contention that the BIA failed to consider the evidence she submitted with her motion is not supported by the record. *See Cole v. Holder,* 659 F.3d 762, 771 (9th Cir. 2011) (the BIA is not required to "discuss each piece of evidence submitted").

**PETITION FOR REVIEW DENIED.**