**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN RAMIREZ, | No.    15-71068 |
| Petitioner, | Agency No. A092-268-259 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Ruben Ramirez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen and review de novo questions

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

of law. *Singh v. Ashcroft,* 367 F.3d 1182, 1185 (9th Cir. 2004). We deny the petition for review.

The BIA did not abuse its discretion in denying Ramirez's motion to reopen, where Ramirez sought to reopen his proceedings to pursue adjustment of status, but submitted with his motion only the application for the pending I-130 visa petition filed on his behalf and not the application for adjustment of status. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation."); 8 C.F.R. § 1245.2(a)(2)(i)(B) (an application for adjustment of status can be filed concurrently with a pending immediate relative visa application); *see also Tadevosyan v. Holder*, 743 F.3d 1250, 1252 (9th Cir. 2014) (alien submitted pending visa petition, adjustment of status application, and supporting document with the motion to reopen).

Ramirez's contention that the BIA violated due process by not providing an explanation for its decision is not supported.

In light of this decision, we need not address Ramirez's contentions regarding prima facie eligibility for adjustment of status. *See Simeonov v.*

15-71068

*Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

15-71068