NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE NOLASCO, AKA Jose Ternistoc Nolasco,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    14-73341

Agency No. A200-243-062

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Jose Nolasco, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen and review de novo questions of law. *Singh v. Ashcroft,* 367 F.3d 1182, 1185 (9th Cir. 2004). We deny the petition for review.

The agency did not abuse its discretion in denying the motion to reopen, where Nolasco did not provide sufficient evidence to show his counsel's performance fell outside "the wide range of reasonable professional assistance," or to overcome the presumption that counsel's actions were tactical. *Torres-Chavez v. Holder,* 567 F.3d 1096, 1101 (9th Cir. 2009).

In light of this determination, we do not address Nolasco's contention that the agency erred in its application of case law regarding prejudice.

The agency did not violate due process by not providing hearing transcripts, where the BIA informed Nolasco of his ability to listen to audio recordings of the hearing and there is no obligation for the BIA to provide a transcript. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice); *cf. Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011) ("[I]n lieu of providing a transcript, the immigration court may record [bond] hearings and make the audio recordings available for appeal upon request.")

The BIA did not err in not reviewing Nolasco's appeal for abuse of

discretion, where it correctly cited to and applied the standards set out in 8 C.F.R. § 1003.1(d)(3)(i)-(ii).

Nolasco's contentions that the agency made up facts, that a hearing is necessary to resolve the conflict between his and his attorney's statements, and that the agency interfered with a prompt resolution to his proceedings are not supported by the record or case law.

**PETITION FOR REVIEW DENIED.**

14-73341