**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO ANSELMO MEZA, | No.    15-71998 |
| Petitioner, | Agency No. A095-310-310 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Antonio Anselmo Meza, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen, and review de novo questions

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of law. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). We deny the petition for review.

The BIA did not abuse its discretion in denying Meza's motion to reopen as untimely, where it was filed eight years after his final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Meza failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances).

Meza's contention that the BIA failed to consider facts and evidence submitted with his motion is not supported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Because the timeliness determination is dispositive, we do not address Meza's contentions regarding his 2005 proceedings and his eligibility for relief.

Meza's duplicative request for a stay of removal is denied as moot, and the temporary stay of removal shall continue in effect until the issuance of the mandate.

15-71998

Meza's request for an abeyance is denied.

**PETITION FOR REVIEW DENIED.**

15-71998