**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEOVANA ANTONIA TOLEDO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.    12-70980 <br><br> Agency No. A070-814-967 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:      LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Geovana Antonia Toledo, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's order denying her motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

----

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). We deny the petition for review.

The agency did not abuse its discretion in denying Toledo's motion to reopen as untimely, where it was filed 12 years after her in absentia order of removal, *see* 8 U.S.C. § 1229a(b)(5)(C), and she failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011), and failed to establish materially changed country conditions in Guatemala to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.23(b)(4)(i); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (to prevail on a motion to reopen based on changed country conditions, applicant must produce material evidence of changed country conditions that establishes prima facie eligibility for the relief sought).

Contrary to Toledo's contention, the BIA's decision in *Matter of M-S-*, 22 I. & N. Dec. 349 (BIA 1998), concerning aliens who do not receive oral warnings of the consequences of failing to appear, does not provide an independent basis for untimely reopening of her removal proceedings to apply for relief from removal. *See id*. at 357 (filing deadline applies to motions to reopen based on lack of oral notice). Accordingly, Toledo's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must

12-70980

show error and prejudice).

In light of this disposition, we do not reach Toledo's remaining contentions regarding exceptional circumstances or eligibility for relief under the Nicaraguan Adjustment and Central American Relief Act of 1997.

**PETITION FOR REVIEW DENIED.**

3