**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 16 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ENRIQUE AMBELIZ, | No. 15-71032 |
| Petitioner, | Agency No. A072-517-351 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Carlos Enrique Ambeliz, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") order denying his motion to reopen removal

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Ambeliz's motion to reopen for failure to comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), where any alleged ineffective assistance of counsel for failing to seek special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act of 1997 was not plain on the face of the record because the Ninth Circuit decision determining that a conviction under California Penal Code § 273.5(a) is not categorically a crime involving moral turpitude was not issued until four years after his final order of removal. *See Tamang v. Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010) (failure to satisfy *Lozada* was fatal to ineffective assistance of counsel claim where ineffectiveness was not plain on the face of the record).

Ambeliz failed to establish prejudice resulting from any BIA error in the mailing of the briefing schedule, where Ambeliz does not challenge the IJ's determination that his conviction under California Penal Code § 273.5(a) is an aggravated felony, which also precludes the relief petitioner seeks. Accordingly, his due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

15-71032

We lack jurisdiction to consider Ambeliz's unexhausted collateral attack of his criminal conviction, and his unexhausted contentions regarding any alleged ineffective assistance stemming from former counsel's admission of factual allegations in the Notice to Appear, the relief sought by former counsel, and former counsel's failure to challenge the IJ's pretermission of relief applications. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**