NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BING CHEN,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.    16-70215

Agency No. A201-207-843

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Bing Chen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen, and review de novo claims of due

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

process violations. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). We deny the petition for review.

The BIA did not abuse its discretion in denying Chen's motion to reopen based on ineffective assistance of counsel for failure to show prejudice. *See id.* at 1088 ("A claim of ineffective assistance of counsel requires a showing of inadequate performance and prejudice."); *Shrestha v. Holder*, 590 F.3d 1034, 1043 n.3, 1046-47 (9th Cir. 2010) (under REAL ID, even minor inconsistencies, when viewed in light of the total circumstances, may undermine credibility; an inconsistency no longer needs to go to the heart of a claim, but is of great weight when it does). In light of this determination, we need not address Chen's contention regarding the BIA's consideration of his failure to address the merits of his claims for asylum and related relief in his motion to reopen.

We are not persuaded by Chen's contention that the BIA, in noting that Chen had not addressed certain findings or provided corroborating evidence, was impermissibly requiring specific corroboration. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material.").

**PETITION FOR REVIEW DENIED.**