NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOAQUIN LEDESMA-CONCHAS, | No. 16-73761 |
| Petitioner, | Agency No. A075-879-554 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018[**]

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Joaquin Ledesma-Conchas, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen and review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Joaquin Ledesma-Conchas' request for oral argument, set forth in his opening brief, is denied.

questions of law, including claims of due process violations. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Ledesma-Conchas' second motion to reopen as untimely and number-barred where the motion was filed more than four years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and where Ledesma-Conchas failed to demonstrate prima facie eligibility for asylum that would invoke the changed country conditions exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) (the BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

We lack jurisdiction to review the agency's discretionary decision not to reopen proceedings sua sponte, where Ledesma-Conchas fails to raise a colorable constitutional claim or question of law about the sua sponte determination that would invoke our jurisdiction. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte

16-73761

reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**