NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO BARRIOS-MAZARIEGOS, | No.    20-73713 |
| Petitioner, | Agency No. A215-854-045 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2022[**]
Pasadena, California

Before:  CALLAHAN and H. THOMAS, Circuit Judges, and HUMETEWA,[***]
District Judge.

Petitioner Sergio Barrios-Mazariegos, a native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals ("Board") decision denying

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

his motion to reopen, which alleged ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the Board's denial of a motion to reopen for abuse of discretion. *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005). Under this standard, the Board's decision may be reversed only if it is "arbitrary, irrational, or contrary to law." *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)).

A motion to reopen must be filed within 90 days of the final removal order. 8 C.F.R. § 1003.2(c)(2). Petitioner filed his motion to reopen on April 15, 2020, over one year after the Immigration Judge ("IJ") issued his final order of removal on June 4, 2019. The 90-day deadline, however, is subject to equitable tolling on the ground of ineffective assistance of counsel if the petitioner acted with due diligence in discovering his claim. *Singh v. Ashcroft*, 367 F.3d 1182, 1185–86 (9th Cir. 2004).

Petitioner's motion to reopen was untimely, and the Board did not abuse its discretion in denying Petitioner's motion because he failed to exercise due diligence in discovering his ineffective assistance of counsel claim. *See* 8 C.F.R. § 1003.23(b)(1). The Board found that Petitioner failed to show due diligence to warrant equitable tolling because the IJ's decision denying relief put Petitioner on notice of the asserted errors committed by his prior attorney, and Petitioner did not raise those errors on appeal.

Petitioner argues he discovered his prior attorney's mistakes only after meeting with his present counsel.[1] The Board, however, did not abuse its discretion in finding Petitioner was on notice of those mistakes when the IJ issued his removal order on June 4, 2019, which noted Petitioner did not apply for asylum or submit evidence of his daughter's therapy sessions. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011) (quoting *Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1099 (9th Cir. 2005)) ("Equitable tolling is 'applied in situations where, despite all due diligence, the party requesting equitable tolling is unable to obtain vital information bearing on the existence of the claim.'"); *Avagyan v. Holder*, 646 F.3d 672, 680–81 (9th Cir. 2011) (affirming lack of due diligence when petitioner "took no affirmative steps to investigate whether [counsel] adequately prepared her asylum claim" after its denial). Because Petitioner did not exercise due diligence, he is not entitled to equitable tolling, and his motion to reopen was untimely.

**PETITION DENIED AND MOTION FOR STAY OF DEPORTATION DENIED AS MOOT.**

---

[1] Among the asserted mistakes were prior counsel's failure to file an application for asylum, withholding of removal, and protection under the Convention Against Torture and his failure to submit a report from Petitioner's daughter's therapist in support of his application for cancellation of removal.