**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ANGEL MARTINEZ-VALENCIA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1541<br><br>Agency No.<br>A088-667-359<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023**
Phoenix, Arizona

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Jose Angel Martinez-Valencia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his motion to

reopen and the BIA's refusal to reopen the removal proceedings sua sponte. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252 to review the denial of the motion to reopen. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004) (citation omitted). And we have "jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We deny the petition in part and dismiss it in part.

1.     The BIA did not abuse its discretion when it denied equitable tolling. Martinez-Valencia failed to show that he was "prevented from obtaining vital information bearing on the existence of the claim despite the exercise of all due diligence," or that his "ignorance of the necessary information" was "caused by circumstances beyond [his] control." *Perez-Camacho v. Garland*, 54 F.4th 597, 606 (9th Cir. 2022) (internal quotation marks and citations omitted). Indeed, Martinez-Valencia did not seek to reopen the proceedings based upon information that he was "prevented from obtaining"; instead, he asserted a new basis of eligibility for relief. The BIA acted within its discretion in concluding that Martinez-Valencia's new circumstances failed to provide a basis for equitable tolling.

2.     We lack jurisdiction to review the portion of Martinez-Valencia's petition involving the BIA's refusal to sua sponte reopen the removal proceedings. The scope of our review "is limited to those situations where it is obvious that the

agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion or that exercising its discretion would be futile." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (internal citations omitted). The BIA explained that Martinez-Valencia's newfound eligibility "for relief from removal after a final order has been entered is common and does not, itself, constitute an exceptional circumstance warranting our consideration of an untimely motion." Accordingly, the BIA's decision was based "on a proper understanding of its authority to grant [Martinez-Valencia] relief." *Bonilla*, 840 F.3d at 592; *see In re G-D-*, 22 I. & N. Dec. 1132, 1134–35 (B.I.A. 1999) (explaining that the BIA "must be persuaded that the [petitioner]'s situation is truly exceptional" for it "to exercise [its] sua sponte authority to reopen"). Because the BIA "exercise[d] its broad discretionary authority . . . against the correct legal backdrop," *Bonilla*, 840 F.3d at 579, we lack jurisdiction to review the Board's denial.[1]

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

[1] Martinez-Valencia's motion to substitute his reply brief is granted. The reply brief filed on July 11, 2023 is substituted in place of the reply brief filed on July 6, 2023.