**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PABLO MORALES TOBIAS, | No. 14-70090 |
| Petitioner, | |
| v. | Agency No. A074-431-630 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Pablo Morales Tobias, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") denial of his motion to reconsider and reopen his

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reconsider or reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying the motion to reconsider, where Tobias failed to establish any error of fact or law. *See* 8 C.F.R. § 1003.23(b)(2) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the [IJ's] prior decision"). His contention that the IJ violated his due process rights by pretermitting the hearing lacks merit, where Tobias failed to file the motion to suppress and any applications for relief by the deadline and also failed to respond to the government's motion to pretermit the hearing. *See Taggar v. Holder*, 736 F.3d 886, 890 (9th Cir. 2013) ("If an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived." (quoting 8 C.F.R. § 1003.31(c))); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge to proceedings).

The agency did not abuse its discretion in denying Tobias's motion to reopen to apply for asylum and related relief, where Tobias has not submitted an application or any supporting documentation and therefore has failed to demonstrate prima facie eligibility for relief. *See Shin v. Mukasey*, 547 F.3d 1019,

14-70090

1025 (9th Cir. 2008) (a motion to reopen must "be supported by affidavits or other evidentiary materials demonstrating *prima facie* eligibility for the relief sought" (citing 8 C.F.R. § 1003.2(c)(1)).  The agency also did not abuse its discretion in denying Tobias's motion to reopen where he failed to show the new evidence submitted, namely his motion to suppress with supporting declaration, could not have been filed by the deadline.  *See* 8 C.F.R. § 1003.2(c)(1); *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir.2005) (evidence must not have been available to be presented at the hearing before the IJ).  Accordingly, Tobias's related due process claim fails.  *See Lata*, 204 F.3d at 1246.

Tobias does not challenge the agency's dispositive determination that Tobias has not shown that his failure to timely file his applications or motion to suppress was caused by ineffective assistance, and that he failed to comply with the threshold requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

We lack jurisdiction to consider Tobias's unexhausted contention that the IJ failed to comply with his duty to ask Tobias if he was afraid to return to Mexico. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (declining to reach issue raised for the first time in the reply brief).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**