**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE ALBERTO ZARATE-
GRANADOS,

              Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

              Respondent.

No. 13-73764

Agency No. A079-767-284

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Jose Alberto Zarate-Granados, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen based on ineffective assistance of counsel.  Our jurisdiction is governed by

8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen, and we review de novo questions of law and constitutional claims. *Singh v. Ashcroft,* 367 F.3d 1182, 1185 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Zarate-Granados' untimely motion to reopen, where Zarate-Granados failed to establish prejudice from the alleged ineffective assistance of his former attorney because he put forth no evidence showing he has plausible grounds for relief. *See Rojas-Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir. 2003) (requiring prejudice to state a valid claim of ineffective assistance of counsel, and explaining the presumption of prejudice for failing to file an appeal brief is rebutted when petitioner does not show plausible grounds for relief).

We lack jurisdiction to consider Zarate-Granados' unexhausted contention regarding his eligibility for voluntary departure and any failings by prior counsel to properly argue that eligibility before the immigration judge. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**