

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO ANDRES GONZALEZ SANTOS, AKA Francisco Gonzalez Santos, | No. 14-71864 |
| Petitioner, | Agency No. A205-317-804 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Francisco Andres Gonzalez Santos, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's order of removal.  Our jurisdiction is governed

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review de novo constitutional claims, *Singh v. Ashcroft,* 367 F.3d 1182, 1185 (9th Cir. 2004), and review for substantial evidence the agency's continuous physical presence determination, *Ibarra-Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Gonzalez Santos' contention that the agency's allegedly inadequate translation at his hearing violated his due process rights is unavailing, where the record indicates Gonzalez Santos understood the questions posed to him during his hearing through the Spanish language interpreter and that he answered accordingly. *See Perez-Lastor v. I.N.S.*, 208 F.3d 773, 778 (9th Cir. 2000) (discussing types of evidence that indicate an inadequate translation).

Substantial evidence supports the agency's determination that Gonzalez Santos failed to establish eligibility for cancellation of removal, where he testified that he entered the United States after the date from which he would have had to establish ten years of continuous physical presence. *See* 8 U.S.C. § 1229b(b)(1)(A).

We lack jurisdiction to review Gonzalez Santos' unexhausted contention that he was deprived of his right to counsel. 8 U.S.C. § 1252(d)(1); *see also Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004) ("[Section] 1252(d)(1) mandates

exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.")

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**