**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS VERDU-DEGREGORIO, | No. 15-73323 |
| Petitioner, | Agency No. A206-262-982 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted September 27, 2016[**]

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Luis Verdu-Degregorio, a native and citizen of Spain, petitions pro se for review of the Department of Homeland Security's ("DHS") final administrative removal order finding Verdu-Degregorio removable as an alien convicted of an aggravated felony, after expedited removal proceedings pursuant to 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1228(b).  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo claims of due process violations.  *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004).  We deny in part and dismiss in part the petition for review.

Verdu-Degregorio does not challenge the DHS's determination that he has been convicted of an aggravated felony that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii).  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (issues not raised in an opening brief are waived).

To the extent that Verdu-Degregorio contends that he did not knowingly waive his right to appeal his removal order and request withholding of removal, his due process claim fails because he does not explain how his due process rights were violated in his signing of the waiver, nor did he establish any resulting prejudice.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

To the extent that Verdu-Degregorio is collaterally attacking his underlying state criminal conviction, we lack jurisdiction to consider this claim.  *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2010) (holding that petitioner could not collaterally attack his state court conviction on a petition for review of an agency decision).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**