FILED

**NOT FOR PUBLICATION**

APR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRMA NOHEMY ORTIZ-BONILLA, | No. 19-70498 |
| Petitioner, | Agency No. A200-238-871 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2021[**]
Pasadena, California

Before: M. SMITH and IKUTA, Circuit Judges, and STEELE,[***] District Judge.

Irma Nohemy Ortiz-Bonilla, a native and citizen of El Salvador, petitions for

review of a February 2019 decision of the Board of Immigration Appeals (BIA)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

that denied Ortiz's May 2018 motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a)(1), *Mata v. Lynch*, 576 U.S. 143, 147–48 (2015), and we deny the petition for review.

Ortiz's May 2018 motion to reopen was time- and number-barred, but Ortiz argues that the BIA should have excused these bars due to ineffective assistance of counsel. Specifically, Ortiz claims that her counsel was deficient in not filing a brief in support of Ortiz's appeal of the February 15, 2017 decision of the immigration judge (IJ), which denied her February 9, 2017 motion to reopen. Although the failure to file an appeal brief is presumed prejudicial when the appeal is dismissed summarily, the BIA did not err in concluding that the presumption of prejudice was rebutted here, because Ortiz failed to raise any plausible grounds for relief from the IJ's February 15, 2017 ruling. *See Singh v. Ashcroft*, 367 F.3d 1182, 1186, 1189 (9th Cir. 2004). We agree with the BIA that Ortiz's motion to reopen failed to identify any error in the IJ's February 15, 2017 ruling. And Ortiz fails to raise any meaningful argument on appeal that the BIA's February 2019 decision was erroneous, because Ortiz again fails to raise any plausible grounds for relief that could have been raised on appeal of the IJ's February 15, 2017 ruling.

Ortiz's remaining arguments about errors in the 2014 removal proceedings and ineffectiveness of Ortiz's original counsel in 2014 that were not raised in the

motion to reopen before the BIA are not properly before us, because the scope of our review is limited to whether the BIA abused its discretion in denying reopening based on ineffective assistance of counsel during Ortiz's appeal of the February 15, 2017 decision of the IJ, *see Singh v. Holder*, 658 F.3d 879, 885 (9th Cir. 2011).

**PETITION DENIED.**